UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
ELLA SHARON
on behalf of herself and
all other similarly situated consumers

                              Plaintiff,


        -against-


ENHANCED RECOVERY COMPANY, LLC

                              Defendant.


---------------------------------------------------------

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff Ella Sharon seeks redress for the illegal practices of Enhanced Recovery

      Company, LLC concerning the collection of debts, in violation of the Fair Debt

      Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

      that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in

      Jacksonville, Florida.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

      consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

      1692(a)(6).

*Jurisdiction and Venue*

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Ella Sharon*

9.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about April 10, 2017, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said collection letter was confusing to the Plaintiff and is likely to be misconstrued by the "least sophisticated consumer" since it is open to more than one reasonable interpretation, at least one of which is inaccurate.

12. The Second Circuit stated in Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 74 (2d Cir. 2016)

> "The question presented is whether a collection notice that states a consumer's "current balance," but does not disclose that the balance may increase due to interest and fees, complies with this provision. We hold that Section 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

13. The holding of the Second Circuit is that Section 1692e of the FDCPA requires every debt collector in every collection letter "to disclose that the balance may increase due to interest and fees".

14. However if the "Original Balance" will never increase and the holder of the debt will always accept payment of the amount set forth in full satisfaction of the debt then the

Second Circuit alternatively stated:

> "We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance <u>may</u> increase due to interest and fees if the collection notice *either* accurately informs the consumer that the amount of the debt stated in the letter <u>will</u> increase over time, *or* clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt." Id. at 817.

15.    The Second Circuit in *Avila* did not "hold that a debt collector must use any particular disclaimer" *Id.*

16.    However the Second Circuit did address all the possible scenarios: 1) If the "current balance" <u>could</u> increase over time, then the collection notice must disclose that the "balance <u>might</u> increase due to interest and fees". *Id*. 2) If the "current balance" is <u>currently</u> increasing, then the collection notice must disclose that the amount of the debt stated, "in the letter <u>will</u> increase over time". *Id*. 3) If the "current balance" will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must state so clearly. However, if a debt collector is willing to accept a "specified amount" in full satisfaction of the debt <u>only</u> if payment is made by a specific date, then the debt collector must simplify the consumer's understanding by so stating, while advising that the amount due <u>could</u> increase by the accrual of additional interest or fees if payment is not received by that date.

17.    In this case, the "Original Balance" was increasing due to interest per the creditor's contract.  Nevertheless, the collection notice did not disclose that the amount of the debt stated in the letter "could" or "will" increase over time.

18.    The Plaintiff, as well as the "least sophisticated consumer" was unsure as to whether or

not the said account was accruing interest.

19.    The "Original Balance" in this case was for an amount that included original principal, fees, and contractual interest.

20.    The Plaintiff was left uncertain as to whether the "Original Balance" was accruing interest as there was no disclosure that indicated otherwise.

21.    The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance <u>may</u> increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

22.    The amount of the contractual interest automatically increases each day that the defaulted debt remains unpaid due to the automatically accrued interest.

23.    Collection notices that state only the "Original Balance," but do not disclose that the balance <u>might</u> increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

24.    The Synchrony Bank account was being collected by GC Services Limited Partnership, prior to Defendant Enhanced Recovery Company, LLC's taking over of the said account.

25.    GC Services Limited Partnership had sent a letter to the Plaintiff, on March 28, 2016 regarding the Synchrony Bank account.

26.    The balance stated in the said March 28, 2016 letter from GC Services was $1,426.00, and in addition to that balance, interest was accruing daily as apparent from the

Defendant's April 10, 2017 letter, which reflected an increase in the balance to an amount of $1,632.87.

27. A reasonable consumer could be misled into believing that he could pay his debt in full by paying the amount as listed in the April 10, 2017 notice.

28. In fact, however, since as shown by the difference in the amount between the March 28, 2016 letter and the new increased amount in the April 10, 2017 letter, which reflects that interest was accruing daily, a consumer who pays the "Account Balance" as stated in the letter be left unaware as to whether or not the debt has been paid in full.

29. The debt collector could still seek the interest and fees that had accumulated after the notice was sent, but before the balance was paid, or sell the consumer's debt to a third party, who itself could seek the post charge-off interest and fees from the consumer.[1]

30. Where a debt collector mails a debtor various different letters which show that interest is accruing daily, yet the debt collector "is willing to accept a specified amount in full satisfaction of the debt if payment is made by a specific date [it must] simplify the consumer's understanding by so stating, while advising that the amount due would increase by the accrual of additional interest or fees if payment is not received by that date."[2]  However, if the debt collector intended on waiving the interest accruing it must clearly state that the interest is being waived.

31. The said collection letters at issue were increasing daily due to interest, but the April 10, 2017 notice specifically, failed to disclose that the balance would continue to increase due to interest and fees, or in the alternative, the April 10, 2017 letter failed to disclose that the balance was actually not increasing due to the interest being waived.

---

[1] See Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)
[2] id.

32.   In any case, the Defendant's said April 10, 2017 collection letter was "misleading" and "confusing" within the meaning of Section 1692e of the FDCPA.

Absent a disclosure by the holder of the debt that the interest accruing since the previous letter is waived, even if the debtor pays the "Amount of Debt" the Defendant and or the creditor could still seek the interest accruing since the previous letter, or sell the consumer's debt to a third party, which itself could seek the accrued interest from the consumer.[3]

33.   Waiver of interest even when it has been made explicitly has not prevented debt-collectors from continuing to illegally charge the waived interest.

34.   At the bare minimum, a debt collector must make clear even to the unsophisticated consumer that it intends to waive the accruing post charge-off interest.

35.   A debt-collector must disclose, that the balance due may change over time.

36.   To the extent that the Creditor or Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

37.   If the "Original Balance," will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must clearly state that the holder of the debt will <u>always</u> accept payment of the amount set forth in "full satisfaction" of the debt.

38.   Defendant was required to include a disclosure that the automatically accrued interest <u>was</u> accruing, or in the alternative, the Defendant was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest and will always accept this "specified amount" in "full satisfaction" of the debt

---

[3] Avila, at *10-11.

nonetheless it did not make any of those disclosures in violation of 1692e.

39.  If interest was waived, the letter would need to contain that disclosure and clearly state that no interest is accruing on this account in order to provide full and fair disclosure to consumers of the actual balance as is embodied in Section 1692e.

40.  The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts."[4]

41.  Because the statement of the "Original Balance" that included original principal, fees, and contractual interest, without notice that the accruing interest was expressly waived can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, the FDCPA requires debt collectors, when they notify consumers of their account balance, to expressly disclose that the amount of the debt stated in the letter <u>will</u> increase over time, *or* clearly state that the holder of the debt will always accept payment of the amount set forth in full satisfaction of the debt.  Id. at 817.

42.  Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.  It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking further interest on this debt in the future.

43.  According to the Second Circuit's finding that the "Original Balance" must contain a

---

[4] <u>Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)</u>

full and fair disclosure, if a credit card account was being charged interest, pursuant to a contract and the interest was intended to be waived, disclosure of such a waiver is necessary or the consumer would not know what the balance is. "[i]n fact, however, if interest is accruing daily, [or was not expressly waived] a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing or unwaived] interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer." [5]

44.    The 8th Circuit in <u>Haney v. Portfolio Recovery Assocs.</u>, No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

45.    In fact, in this case the Plaintiff is still not sure whether there was any intent to waive the interest. There was definitely no express waiver and disclosure of waiver is mandatory if interest was originally accruing per the contract. The consumer could not know what the real balance is.

46.    The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts.[6] A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence.[7]

47.    Failure to disclose such a waiver of the automatically accruing interest is in of itself

---

[5] <u>Avila v. Riexinger & Assocs., LLC</u>, 817 F.3d 72, 76 (2d Cir. 2016)
[6] <u>Navillus Tile, Inc. v. Turner Const. Co.</u>, 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003)
[7] <u>Acumen Re Management Corp. v. General Sec. Nat. Ins. Co.</u>, 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

deceptive and "misleading" within the meaning of Section 1692e. The Defendant knew that the balance would increase due to interest, fees and/or disbursements.

48. According to the Second Circuit in *Avila*, any debt that <u>was</u> accruing interest and fees would need full and complete disclosure which would either clearly state that the balance "may" or "will" increase over time or clearly state that the debt is "static" and holder of the debt will always accept payment of the amount set forth in "full satisfaction" of the debt.

49. The "Original Balance" is for an amount that includes original principal, fees, and contractual interest.

50. Since interest was accruing on this debt, the collection notice must inform the consumer that the amount of the debt stated in the letter may increase over time.

51. Collection letters failing to reference the accrual of interest or waiver of interest are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10). See <u>Sperber v. Central Credit Services LLC</u> No. CV 16-cv-05222 (ARR) (RLM), 2017 U.S. Dist. (E.D.N.Y. May. 1, 2017). ("This matter presents the question of whether failing to disclose [] interest, or failing to explicitly waive the right to collect it, constitutes a "false, deceptive, or misleading" practice under § 1692e... Plaintiff contends that the collection notice he received, which neither stated that [] interest was accruing nor waived the creditor's right to collect it, is deceptive or misleading under *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2d Cir. 2016)... Having alleged that interest was accruing on his debt and that *CCS* failed <u>to either disclose this interest or otherwise disclaim its right to collect it</u>, *Sperber* has stated a plausible claim that the collection notices he received from *CCS* were misleading under

Section 1692e of the FDCPA.  *See Avila,* 817 F.3d at 76.")

52.    "None of the letters provided further detail regarding when or how the balance had been calculated, whether it included interest, or whether interest continued to accrue. The court finds that the "least sophisticated consumer" could have read these letters in at least two different ways. *On one hand*, an unsophisticated consumer could reasonably conclude that the balance was a fixed amount that would not be subject to further interest, late fees, or other charges. *On the other*, an unsophisticated consumer could just as reasonably determine that the balance would continue to grow over time as interest accrued. *One of those meanings would necessarily be inaccurate*. Therefore, the court finds that Defendants' letters were deceptive as a matter of law.  Courts in other districts have reached the same conclusion on similar facts. The court grants Ms. Snyder's motion for summary judgment on this issue." <u>Snyder v. Gordon</u>, No. C11-1379 RAJ, 2012 U.S. Dist. LEXIS 120659, at *8-9 (W.D. Wash. Aug. 24, 2012), <u>Avila v. Riexinger & Assocs., LLC</u>, 817 F.3d 72, 75 (2d Cir. 2016). ("[I]n considering whether a collection notice violates Section 1692e, we apply the "least sophisticated consumer" standard...**Under this standard, a collection notice is misleading if it is "open to more than one reasonable interpretation, at least one of which is inaccurate.**")

53.    "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10) … The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They are concerned with a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this

information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest." Michalek v. ARS Nat'l Sys., No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at *16-17 (M.D. Pa. Dec. 13, 2011).

54.   Plaintiff and the least sophisticated consumer could conclude from the collection letter, that the "Original Balance" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted. However, absent a disclosure by the holder of the debt that clearly stated that the holder of the debt would accept payment of the amount set forth in "full satisfaction" of the debt then even if the debtor pays the "Original Balance" the Defendant and or the creditor *could* still seek the automatic interest that accumulated after the breach of contract, or sell the consumer's debt to a third party, which itself could seek the automatic interest and from the consumer.  (Avila, at *10-11.)

55.   The said letter was deceptive and misleading as it merely identified the "Original Balance," yet failed to disclose that the balance may increase due to interest and fees.

56.   The Plaintiff was left uncertain as to whether the "Original Balance" was accruing interest as there was no disclosure that indicated otherwise.

57.   A reasonable consumer could read the notice and be misled into believing that he or she could always pay his or her debt in full by paying the amount listed on the notice.

58.   In fact, however, since interest is accruing daily, or since there are undisclosed late fees,

a consumer who pays the "Original Balance" stated on the notice will not know whether the debt has been paid in full.

59.    The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

60.    The statement of an "Original Balance" without notice that the amount is already increasing due to accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

61.    The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

62.    Collection notices that state only the "Original Balance," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

63.    The Plaintiff and the least sophisticated consumer would be led to believe that the "Original Balance" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.

64.    A consumer who pays the "Original Balance" stated on the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still

attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

65.    As per the terms and conditions of the credit card agreement, Synchrony Bank/QCARD charged the Plaintiff interest on balances carried on the alleged account.

66.    As per the terms and conditions of the credit card agreement, Synchrony Bank/QCARD charged the Plaintiff late fees on any and all payments due, but which were not timely made by the Plaintiff.

67.    As per the terms and conditions of the credit card agreement, Synchrony Bank/QCARD charged Plaintiff other fees on the account.

68.    At no point did Synchrony Bank/QCARD waive its right to collect from the Plaintiff, interest, late fees or other charges on any balance carried on the account.

69.    At no point did the assignee or successor-in-interest waive its right to collect from the Plaintiff, interest, fees or other charges on any balance carried on the account.

70.    At no point was the Plaintiff ever informed by Synchrony Bank/QCARD or the Defendant, that the terms and conditions of the credit card agreement had been changed.

71.    As per the terms and conditions of the credit card agreement, interest, late fees and other charges continued to accrue on any unpaid balance.

72.    As per the terms and conditions of the credit card agreement, Synchrony Bank/QCARD and any assignee or successor-in-interest had the legal right to collect from Plaintiff interest, late fees, and other charges on any balance carried on the account.

73.    As per the terms and conditions of the credit card agreement, the legal right of Synchrony Bank/QCARD and any assignee or successor-in-interest to collect from the Plaintiff interest on any balance carried on the account is not waived by Synchrony

Bank/QCARD or any assignee or successor-in-interest as a result of a failure by either Synchrony Bank/QCARD or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned interest, late fees or other charges.

74. The letter fails to inform Plaintiff whether the amount listed is the actual amount of the debt due.

75. The letter fails to inform Plaintiff whether the amount listed already includes accrued interest, late fees or other charges.

76. The letter fails to advise Plaintiff what portion of the amount listed is principal.

77. The letter fails to inform Plaintiff that the amount listed will increase.

78. The letter fails to inform Plaintiff if there is accrued interest, what the amount of the accrued interest will be.

79. The letter fails to inform Plaintiff if there is accrued interest, when such interest will be applied.

80. The letter fails to inform Plaintiff if there is accrued interest, what the interest rate is.

81. The letter fails to inform Plaintiff if there is accrued interest, the amount of money the amount listed will increase per any measurable period.

82. The letter fails to indicate the minimum amount the Plaintiff owed at the time of the letter

83. The letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the letter.

84. The letter fails to provide information that would allow the Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

85. The letter, because of the aforementioned failures, would render the least sophisticated

consumer unable to determine the amount of his or her debt.

86. The least sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the letter.

87. The Defendant's failures are purposeful.

88. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

89. Defendant's conduct constitutes a false, deceptive and misleading means and representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

90. The letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must is inaccurate, in violation of 15 U.S.C. § 1692e.

91. The Defendant further violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

92. A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

93. 15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or

attempt to collect any debt or to obtain information concerning a consumer.

94. Defendant's April 10, 2017 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

95. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

96. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

97. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

98. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

99. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

100. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

101. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of hers right to enjoy these benefits, these materially misleading statements trigger liability

under section 1692e of the Act.

102.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

103.    As an actual and proximate result of the acts and omissions of Enhanced Recovery Company, LLC, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.***

104.    Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through one hundred and three (103) as if set forth fully in this cause of action.

105.    This cause of action is brought on behalf of Plaintiff and the members of a class.

106.    The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about April 10, 2017; and (a) the collection letter was to a consumer seeking payment of a personal debt purportedly owed to Synchrony Bank/QCARD; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

107.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

108. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

109.   If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

110.   Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

111.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

112.   Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

   A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

   B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

   C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
April 10, 2018


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

PO Box 1389
Copperas Cove  TX  76522-5389
RETURN SERVICE REQUESTED

**GC Services Limited Partnership**
**Collection Agency Division**

(877) 431-3767

SEND PAYMENT TO:

March 28, 2016

92789519

Ella Sharon

Synchrony Bank/QCARD
PO Box 530905
Atlanta GA 30353-0905

Acct. #: ************3019
Balance Due: $1,426.00

---

***PLEASE DETACH AND RETURN THE UPPER PORTION OF THE STATEMENT WITH YOUR PAYMENT***

Balance Due: $1,426.00
Account #: ************3019

RE: QCARD Account

Dear Ella Sharon,

Your QCARD Account, which was issued by and owed to Synchrony Bank, has been referred to us by our client for collection.  We wanted to take this opportunity to introduce ourselves and inform you of your rights under the Fair Debt Collection Practices Act.  As of the date of this letter, our records show you owe a balance of $1,426.00 to Synchrony Bank.  If you dispute this balance or the validity of this debt, please let us know in writing.  If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid.  However, if you do dispute all or any portion of this debt in writing within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you.  Or, if within 30 days of receiving this letter you request in writing the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank.  We look forward to working with you in resolving this account.

Sincerely,
Cindy Kreidler, Collection Manager

www.QVC.com

**Notice for New York Residents:** As a debt collector, GC Services is prohibited under the Fair Debt Collection Practices Act, 15 U.S.C §1692 et seq., from engaging in abusive, deceptive, and unfair debt collection efforts, including, but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls with the intent to annoy, abuse or harass while attempting to collect a debt. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days

**NYC Residents: NYC Department of Consumer Affairs' specific license # varies as to city/state location of sender:** Elgin – 2032602; Columbus - 2032587; Copperas Cove - 2032601; Houston - 2032594; Huntington - 2032616; Irwindale - 2032591; Jacksonville - 2032579; Knoxville - 2032597; Oklahoma - 2032603; Phoenix - 2032606; San Antonio - 2032610; San Diego - 2032615; St. Louis - 2032598; Tucson - 2032592

**This is a communication from a debt collector and is an attempt to collect a debt, any information obtained will be used for that purpose.**

GC Services Limited Partnership – Collection Agency Division – 6330 Gulfton, Houston, TX 77081

056880



April 10, 2017

**Creditor:** Synchrony Bank/QCARD
**Original Creditor:**
**Account Number:** XXXXXXXXXXXX3019
**Amount of Debt:** $1,632.87
**Reference Number:** 58

**Original Balance:** $1,632.87
**Interest Accrued:** $0.00
**Non-interest Charges & Fees:** $0.00
**Payments:** -$0.00

### COLLECTION NOTICE

ELLA SHARON

Our records indicate that your balance with Synchrony Bank remains unpaid; therefore your account has been placed with ERC for collection efforts.

Upon receipt and clearance of $1,632.87, your account will be closed and collection efforts will cease.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C./1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence; b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:Supplemental security income, (SSI);Social security;Public assistance (welfare);Spousal support, maintenance (alimony) or child support;Unemployment benefits;Disability benefits;Workers' compensation benefits;Public or private pensions;Veterans' benefits;Federal student loans, federal student grants, and federal work study funds; and Ninety percent of your wages or salary earned in the last sixty days.

 View statements, pay your balance, and manage your account online at www.payerc.com.

 Telephone: (800) 383-5914 Toll Free. All calls are recorded and may be monitored for training purposes.

 Send correspondence to: ERC, P.O. Box 57610, Jacksonville, FL 32241

 Office Hours (Eastern Time): Mon-Thurs: 8:00 am-11:00pm, Fri: 8:00 am-10:00 pm, Sat: 8:00 am-8:00 pm



**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

**NOTICE - SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS**

Please do not send correspondence to this address.

P.O. BOX 1259, Dept 98696
Oaks, PA 19456



April 10, 2017

Reference Number 58    Amount of Debt $1,632.87

ELLA SHARON



120720 - 8

ERC
P.O. Box 23870
Jacksonville, FL 32241-3870